IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHAN LEE BABB, | ) | |
|    Plaintiff, | ) | Civil Action No. 7:23-cv-00028 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MARK BISHOP, | ) | United States District Judge |
|    Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Jonathan Lee Babb, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The case has been conditionally filed, to allow Babb to complete the paperwork for an *in forma pauperis* application. The complaint is before the court for review pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted. Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure of a pleading to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying those standards here, it is clear that Babb's complaint must be dismissed.

The brief complaint names only a single defendant, Mark Bishop, whom Babb identifies as a fellow inmate at his current place of incarceration. According to Babb, inmate Bishop works for Captain Hayes as a "known jail informant." (Compl. 3, Dkt. No. 1.) Babb asserts that Bishop assaulted him, resulting in bleeding cuts to the back of Babb's head and neck, a deep cut on his finger, and broken and chipped teeth. The assault also exacerbated a pre-existing back injury.

Babb reported the assault, but the "jail did nothing" and told him the cameras were not

working at the time of the attack. He also alleges that he attempted to "file charges on Mark Bishop but the jail Cpt. Hayes would not let it happen." (*Id.*)

Lastly, he asserts that he and Bishop are still housed in the same pod and that he fears for his safety. He asks the court to "get [him] moved." (*Id.*) On the complaint form itself, he asks for relief in the form of $100,000 in money damages and "charges filed on Mr. Bishop." (*Id.* at 4.)

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). An inmate like Bishop does not act "under color of state law" for purposes of § 1983 when he assaults a fellow inmate.[1] *See generally West v. Atkins*, 487 U.S. 42, 49 (2009); *see also Lukie v. Loggins*, No. 2:19-CV-1959-MGL-MGB, 2019 WL 7593350, at *3 (D.S.C. Oct. 23, 2019) (dismissing § 1983 claims against fellow inmate because "[f]ellow inmates generally do not act under color of state law" and the plaintiff had "not alleged any facts showing [the fellow inmate] is an exception to that general rule"), *report and recommendation adopted,* No. CV 2:19-01959-MGL, 2020 WL 247596 (D.S.C. Jan. 16, 2020); *Peterson v. Anne Arundel Cnty. Detention Ctr.*, No. CIV.A. L-11-2985, 2012 WL 171664, at *1 n.1 (D. Md. Jan. 19, 2012) (dismissing fellow inmate as defendant where plaintiff failed to allege any facts that inmate acted under color of state law); *Fox v. Harwood*, No. 1:09CV160MU02, 2009 WL 1117890, at *1 (W.D.N.C. Apr. 24, 2009) ("Plaintiff's fellow inmate is not a state actor for purposes of § 1983 liability."). Accordingly, Babb's complaint fails to state a § 1983 claim against Bishop, the only defendant he has named.

Furthermore, Babb's request for criminal charges to be brought against Bishop fails to state

---

[1] Although the complaint identifies Bishop as an "informant," it does not contain any facts to suggest that Bishop acted upon instructions or orders from any jail official in assaulting him.

a valid claim for relief. It is well established that private citizens can neither bring a direct criminal action against another person nor petition the federal courts to compel the criminal prosecution of another person. *See Maine v. Taylor*, 477 U.S. 131, 137 (1986); *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1973); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Put differently, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard P.*, 410 U.S. 614, 619 (1973).

For all of these reasons, Babb's complaint must be dismissed. The court will dismiss the complaint without prejudice, which leaves Babb free to file a civil complaint against Bishop in state court, if he believes he has a valid civil claim against him. *See Duty v. Runyon*, No. 3:21-CV-00420, 2021 WL 3413070, at *1 (S.D.W. Va. Aug. 4, 2021) (dismissing federal claim against fellow inmate who assaulted plaintiff and explaining that plaintiff needed to assert a basis for his claims being filed in federal court, rather than state court).

Similarly, if Babb believes there is a valid basis for filing a claim against a particular jail official for failing to protect him—which requires that the official know of and disregard an excessive risk to inmate health or safety, *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997)—he may file a new § 1983 complaint in a new action asserting such a claim and expressly alleging what the specific official knew about an excessive risk to Babb and what that official did or failed to do that constituted deliberate indifference to that risk.

An appropriate order will be entered.

Entered: January 11, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge